IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 22-CR-30117-SPM |
| MELTRAVIS M. DEAN, | |
| Defendant. | |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter comes before the court on a Motion to Dismiss the Indictment as violative of the Second Amendment by Defendant Meltravis M. Dean. (Doc. 31).

On October 18, 2022, a federal grand jury returned a four-count Indictment charging Dean with the following: distribution of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C); being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2); possession of marijuana with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D); and possession of a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(A). (*See* Doc. 1). Section 922(g)(1) provides in pertinent part that "[i]t shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess in or affecting commerce, any firearm." *Id.*

On February 13, 2024, Dean filed the instant Motion (Doc. 31) seeking to dismiss Count 2 of the Indictment. Dean contends that § 922(g)(1) violates the rights

guaranteed by the Second Amendment of the United States Constitution (Doc. 31). Dean argues that, in light of the United States Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), the Second Amendment's plain text covers the second count in his Indictment and the Government cannot meet its burden of proving that § 922(g)(1) is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms (*Id.*). The Government filed a Response in which they engage in a lengthy historical tradition analysis before arguing that Dean "has a criminal history that includes convictions for possession of a controlled substance and burglaries" and that Dean's "criminal record supports a finding of dangerousness . . . as it does reflect the risk [he] poses to public safety, his disregard for the law, and society's inability to trust that he will use a weapon responsibly." (Doc. 33, p. 38; *see id.*, pp. 2–35).

Initially, the Court points out that, while the landscape of cases with Second Amendment implications post-*Bruen* is changing almost daily in the different circuits and district courts, as of now in this Circuit, the analysis of whether conduct is covered by the Second Amendment's plain text requires inquiry not only into firearm possession, but additionally into the purpose of the defendant's possession. *See Bevis* v. *City of Naperville*, 85 F.4th 1175, 1194 (7th Cir. 2023) (plaintiffs bringing Second Amendment challenge to assault weapons ban "have the burden of showing that the weapons addressed in the pertinent legislation are Arms that ordinary people would keep at home for purposes of self-defense, not weapons that are exclusively or predominantly useful in military service, or weapons that are not possessed for lawful

purposes."). In other words, when challenging an indictment on this issue, the defendant must show a lawful purpose or purposes for his firearm ownership. Dean did not allege a lawful purpose in his briefing.

Furthermore, this Court issued an order on a similar § 922(g)(1) challenge that discussed the history and traditions standard. *See United States v. Ware*, 2023 WL 3568606, at *1 (S.D. Ill. May 19, 2023). While some of the laws mentioned in the Court's previous history and traditions analysis would certainly fail present-day constitutional scrutiny and may not be worthwhile to factor into any future analysis under *Bruen* in retrospect, the Court finds, as others have before it, that § 922(g)(1) is "part of the historical tradition that delimits the outer bounds of the right to keep and bear arms" under the Second Amendment such that it is not unconstitutional either facially or as applied to Defendant. *Bruen*, 597 U.S. at 19. Building on that analysis, Dean has a criminal history that includes convictions for possession of a controlled substance and for burglaries. (*See* Doc. 34, p. 40). This type of evidence may be considered by the Court in determining whether a defendant demonstrates a risk to public safety; Dean's criminal record more than supports a finding of dangerousness.

The Court also wishes to note that firearm-related felonies justify dispossession of firearms more so than other felonies. For these reasons, the Court finds that Dean's Section 922(g)(1) charge in the Indictment is constitutional and his Motion to Dismiss the Indictment (Doc. 31) is therefore **DENIED**.

**IT IS SO ORDERED.**
**DATED:  March 6, 2024**

*s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**

Case 3:22-cr-30117-SPM   Document 38   Filed 03/06/24   Page 4 of 4   Page ID #107